UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTY W. LEWIS,<br><br>    Plaintiff,<br><br>v.<br><br>MARGARET MIMS, et al.,<br><br>    Defendants. | CASE NO. 1:13-cv-1147-MJS (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**(ECF No. 12)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. On November 25, 2013, Plaintiff's complaint was dismissed for failure to state a claim, but he was given leave to file a first amended complaint. (ECF No. 7.) Plaintiff timely filed a first amended complaint (ECF No. 8), but on August 19, 2014, it too was dismissed for failure to state a claim (ECF No. 12). Plaintiff was given thirty days to amend. That thirty day deadline has passed without Plaintiff either filing an amended pleading or seeking an extension of time to do so.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the

1  inherent power to control their dockets and "in the exercise of that power, they may
2  impose sanctions including, where appropriate . . . dismissal of a case." Thompson v.
3  Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with
4  prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure
5  to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)
6  (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-
7  61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a
8  complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure
9  to comply with local rule requiring pro se plaintiffs to keep court apprised of address);
10 Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
11 comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)
12 (dismissal for lack of prosecution and failure to comply with local rules).
13      In determining whether to dismiss an action for lack of prosecution, failure to obey
14 a court order, or failure to comply with local rules, the Court must consider several
15 factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need
16 to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy
17 favoring disposition of cases on their merits, and (5) the availability of less drastic
18 alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833
19 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.
20      In the instant case, the public's interest in expeditiously resolving this litigation
21 and the Court's interest in managing its docket weigh in favor of dismissal. The third
22 factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a
23 presumption of injury arises from the occurrence of unreasonable delay in prosecuting
24 this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor –
25 public policy favoring disposition of cases on their merits – is greatly outweighed by the
26 factors in favor of dismissal discussed herein. Finally, as for the availability of lesser
27 sanctions, at this stage in the proceedings there is little available which would constitute
28 a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not

paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use.

Accordingly, it is HEREBY ORDERED THAT:

1. Within fourteen (14) days of service of this Order, Plaintiff shall either show cause as to why this action should not be dismissed with prejudice for failure to comply with the Court's order (ECF No. 12) and failure to prosecute, or file an amended complaint, and

2. If Plaintiff fails to show cause or file an amended complaint, the undersigned shall dismiss this action, with prejudice, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio, 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   September 29, 2014            /s/ *Michael J. Seng*
                                                              UNITED STATES MAGISTRATE JUDGE