# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTY W. LEWIS,<br><br>        Plaintiff,<br><br>   v.<br><br>MARGARET MIMS, et al.,<br><br>        Defendants. | Case No. 1:13-cv-01147-MJS (PC)<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROVIDE A CURRENT ADDRESS**<br><br>**(ECF No. 13)**<br><br>**CLERK TO CLOSE CASE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's complaint was dismissed for failure to state a claim, but he was given leave to amend. (ECF No. 7.) Plaintiff's first amended complaint (ECF No. 8) was dismissed on August 19, 2014, with leave to amend within thirty days. (ECF No. 12.) The thirty day deadline passed without Plaintiff either filing an amended pleading or seeking a further extension of time to do so.

On September 29, 2014, the Court ordered Plaintiff to show cause, within fourteen days, why his action should not be dismissed. (ECF No. 13.) The order to show cause was returned to the Court as undeliverable. Plaintiff did not respond to the order to show cause or notify the Court of his current address within 63 days. See Local Rule 183(b) (permitting the Court to dismiss an action without prejudice for failure to prosecute if pro se Plaintiff does not notify the Court of changed address within 63 days of mail being returned as undeliverable).

Local Rule 110 provides that "failure of counsel or of a party to comply with these

1

Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage

in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use.

Plaintiff has not responded to the Court's orders or provided a current address. (ECF Nos. 12 & 13.)

Accordingly, it is HEREBY ORDERED THAT:

1.     This action is DISMISSED WITHOUT PREJUDICE, based on Plaintiff's failure to provide a current address and failure to prosecute, and

2.     The Clerk of the Court shall terminate any and all pending motions and CLOSE the case.

IT IS SO ORDERED.

Dated:   December 19, 2014          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

3